**COUGHLIN DUFFY LLP**
Lorraine M. Armenti (LA4495)
Jason A. Pozner (JP2695)
350 Mount Kemble Avenue
P.O. Box 1917
Morristown, New Jersey 07962-1917
(973) 267-0058
*Attorneys for Plaintiff, American Guarantee and Liability Insurance Company*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>VICTORY HIGHLANDS CONDOMINIUM ASSOCIATION, INC., MARSHALL & MORAN, LLC,<br><br>Defendants,<br><br>LARRY CHENAULT,<br><br>As an interested party only. | CIVIL ACTION NO:<br><br>Civil Action<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>*Document Filed Electronically* |

Plaintiff, American Guarantee and Liability Insurance Company ("AGLIC"), by way of Complaint for Declaratory Judgment alleges and says:

1. This action is brought pursuant to 28 U.S.C. §2201 and §2202 for a declaration of the parties' rights and obligations under five Commercial Umbrella Liability Policies issued by AGLIC to Victory. AGLIC issued policy number AUC2972964 00 for the period June 1, 2005 to June 1, 2006; AUC2972968 04 for the period June 1, 2006 to June 1, 2007; AUC297296405-1507459-02 for the period June 1, 2007 to June 1, 2008; AUC297296406-1507459-03 for the period June 1, 2008 to June 1, 2009; and AUC297296407-1507459-04 for the period June 1,

1468174

2009 to June 1, 2010 (the "AGLIC Policies"). The AGLIC Policies are attached hereto as Exhibits B through F.

## PARTIES

2. AGLIC is an insurance company is a New York corporation engaged in the insurance business with a statutory home office located at 4 World Trade Center, 150 Greenwich Street, New York, New York 10007, and a principal place of business at 1299 Zurich Way, Schaumburg, Illinois 60196. AGLIC is authorized to transact business and has transacted business in New Jersey.

3. VHCA is a New Jersey corporation with a principal place of business in New Jersey.

4. Marshall is a New Jersey limited liability company with a principal place of business in New Jersey.

5. Larry Chenault is an individual who, upon information and belief, is a New Jersey resident. Chenault is named solely as an interested party in this action.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, §2201 and §2202 because: (i) there is an actual controversy between the parties; (ii) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (iii) the matter is between citizens of different states.

7. Venue is proper under 28 U.S.C. §1391 because a substantial part of the events giving rise to the claim occurred in this district.

## BACKGROUND

8. Chenault filed an action captioned <u>Larry Chenault v. Victory Highlands Condominium Association Inc., Marshall and Moran, LLC, at al.</u>, Civil Action Docket No.:

ESX-L-3078-10 venued in the Superior Court of New Jersey, Essex County ("Chenault Action"), naming VHCA and Marshall as defendants. A copy of the First Amended Complaint in the Chenault Action is attached hereto as Exhibit A.

9. In the First Amended Complaint in the Chenault Action, Chennault alleges that he was forced to leave his condominium where he had resided continuously from July 1991 to March 2009 to "minimize further, injurious exposure to toxic mold." Id. at ¶ 2.

10. The First Amended Complaint further alleges that "ongoing incidents of water intrusion and leaks in [Chenault's] condominium residence caused the formation of toxic mold." As a result, Chenault retained a company that found "excessive levels of toxic mold, including, but not limited to Stachybotrys" in Chenault's condominium." Id. at ¶¶15-16.

11. Chenault alleges that the mold "formed shortly after the water intrusion into [Chenault's] condominium residence commenced during 1991 and that continued through 2010." Id. at ¶18.

12. Chenault further alleges that he "has suffered and continues to suffer serious, adverse health consequences caused by his ongoing, continuous injurious exposure to toxic mold from 1991 through June, 2010." Id. at ¶ 20.

13. In Chenault's October 12, 2010 answers to Uniform Form A Interrogatories he states that he suffers from "bodily injury" as a result of exposure to mold. See Exhibit G.

14. In his deposition, Chenault testified that his marriage broke up because of the effect of mold. Transcript of the Deposition of Larry Chenault, T164:13-7, attached as Exhibit H.

15. He further testified that the reason he is unemployed is his exposure to mold, and that his business collapsed due to his exposure to mold. Id. at T180:24-181:5; 199:2-6.

## THE AGLIC POLICIES

16.     The AGLIC Policies have two coverage parts, Coverage Part A - Excess Follow Form Liability Insurance and Coverage Part B - Umbrella Liability Insurance.

17.     Only Coverage Part B of the AGLIC Policies is potentially applicable.

18.     Coverage Part B - Umbrella Liability Insurance for each of the AGLIC Policies has a limit of $15 million for each occurrence and $15 million in the aggregate.

19.     The Insuring Agreement of Coverage Part B of the AGLIC Policy provides as follows:

> **B.     Coverage B – Umbrella Liability Insurance**
>
> Under **Coverage B**, we will pay on behalf of the **insured**, sums as damages the insured becomes legally obligated to pay by reason of liability imposed by law or assumed under an **insured contract** because of **bodily injury, property damage**, or **personal and advertising injury** covered by this insurance but only if the injury, damage or offense arises out of your business, takes place during the policy period of this policy and is caused by an **occurrence** happening anywhere.  We will pay such damages in excess of the **Retained Limit** specified in Item 5. of the Declarations or the amount payable by **other insurance**, whichever is greater.
>
> **Coverage B** will not apply to any **loss**, claim or **suit** for which insurance is afforded under **underlying insurance** or would have been afforded except for the exhaustion of the limits of insurance of **underlying insurance**.

20.     The "Fungus Liability Exclusion" in policies AUC2972964 00 and AUC2972968 04  provide as follows:

> Under **Coverage A** and **Coverage B** this policy does not apply to any liability, damage, loss, cost or expense, arising directly or indirectly, in whole or in part, by:
>
> 1.     Any "fungus(i)" or "spore(s)";
>
> 2.     Any substances, vapor or gas produced by or arising out of any "fungus(i)" or "spore(s)"; or

>   3. Any material, product, building component, building or structure that contains, harbors, nurtures or acts as a medium for any "fungus(i)" or "spore(s)".
>
>   It is agreed that this exclusion applies regardless of any other cause, event material, product and/or building component that contributed concurrently or in any sequence to that injury or damage.
>
>   Definition[s]
>
>   As used in this endorsement:
>
>   1. "Fungus(i)" includes, but is not limited to, any form for [sic] type of mold, mushroom or mildew.
>
>   2. "Spore(s)" means any reproductive body produced by or arising out of any "fungus(i)".

21. The "Fungus or Bacteria Exclusion – All State[s] Except New York" in policies AUC297296405-1507459-02, AUC297296406-1507459-03, AUC297296407-1507459-04 provide as follows:

>   Under **Coverage A** and **Coverage B** this policy does not apply to any liability, damage, loss, cost or expense:
>
>   A. Caused directly or indirectly by the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of any:
>
>   >   1. Fungi, or bacteria; or
>
>   2. Substance, vapor or gas produced by or arising out of any fungi or bacteria.
>
>   \*\*\*
>
>   Definitions
>
>   As used in this endorsement:
>
>   \*\*\*
>
>   2. Fungi means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or by-products produced or released by fungi.

## COUNT ONE

22. AGLIC repeats and realleges the allegations contained in all prior paragraphs of the Complaint as if set forth at length herein.

23. VHCA and Marshall are insureds on the AGLIC Policies.

24. In the First Amended Complaint in the Chenault Action, Chenault claims that his injuries are caused by exposure to mold caused by Victory and/or Marshall.

25. The AGLIC Policies each have mold exclusions, and therefore, Chenault's claims are not covered under the AGLIC Policies.

26. Pursuant to the "Fungus Liability Exclusion" in AGLIC policies AUC2972964 00 and AUC2972968 04 and the "Fungus or Bacteria Exclusion – All State[s] Except New York" in AGLIC policies AUC297296405-1507459-02, AUC297296406-1507459-03, AUC297296407-1507459-04, AGLIC has no duty to defend or indemnify any insured for the claims asserted against them by any other insured.

27. Therefore, the AGLIC Policies do not provide coverage to VHCA or Marshall for the claims asserted against them in the Chenault Action, and AGLIC has no duty to defend or indemnify VHCA or Marshall for the claims asserted in the Chenault Action.

## PRAYER FOR RELIEF

WHEREFORE, AGLIC prays for relief as follows:

1. For a judgment declaring that AGLIC has no obligation to defend or indemnify VHCA or Marshall with respect to the Chenault Action;

2. For an award of attorney fees and costs incurred by AGLIC in this action;

3. For such other and further relief as the Court deems just and equitable.

          **COUGHLIN DUFFY LLP**
          Attorneys for Plaintiff,
          American Guarantee and Liability Insurance Company

    By:   */s/ Jason A. Pozner*
          Lorraine M. Armenti, Esq.
          Jason A. Pozner, Esq.
          350 Mount Kemble Avenue
          P.O. Box 1917
          Morristown, New Jersey 07962-1917

Dated: May 16, 2018